UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD TUCKER, individually, and as Special Administrator of the Estate of KEITH TUCKER; SANFORD TUCKER, as Guardian ad Litem of FRANS KAI MAAN TUCKER, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER PATRICK DENNY, in his individual and official capacity; OFFICER MARK HUTCHISON, in his individual and official capacity; SHERIFF BILL YOUNG, individually and in his official capacity; DOES I through X, DOES XI through XX; and ROE CORPORATIONS XXI through XXX, inclusive,<br><br>Defendants. | 2:05-cv-01216-LDG-RJJ<br><br>**ORDER** |

On October 5, 2012, defendants filed a motion for partial judgment on the pleadings to dismiss section 1983 claim against [Sheriff] Bill Young (#156, opposition #174). In June of 2006, the court granted dismissal of plaintiffs' claims made against Young in his official capacity, but denied the motion for dismissal of plaintiffs' claims against Young in his individual capacity concerning his role as policymaker in promulgating, implementing and enforcing policies and procedures regarding the use of tasers (#55). While this court's denial of Officers Denny's and Hutchinson's qualified immunity defense was on appeal before the Ninth Circuit, the Ninth Circuit ruled in <u>Bryan v. MacPherson</u>, 630 F.3d 805 (9th Cir. 2010) and <u>Mattos v. Agarano</u>, 661 F.3d 433

(9th Cir. 2011) (en banc), holding that while a police officer's use of a taser to subdue non-dangerous suspects may result in excessive force, the law concerning tasers was not clearly established before November 2004.  The Ninth Circuit requested supplemental briefing from the parties in this case, and in its supplemental brief to the Ninth Circuit, plaintiffs stated that this case "can be best described as a positional asphyxia case.  It has a Taser component, but the Taser did not cause the death of Keith Tucker."

In its opinion partially affirming the court's denial of summary judgment based on qualified immunity, the Ninth Circuit ruled that while there were no genuine issues of material fact concerning whether the force used before Keith Tucker was handcuffed was excessive, "[a] jury could, however, reasonably conclude that the officers used excessive force in tasing Keith and applying their body pressure to restrain him after he was handcuffed and face down on a bed."  In addressing whether the law was clearly established at the time of the alleged violation in August of 2004, the circuit ruled that "existing law recognized a Fourth Amendment violation where two officers use their body pressure to restrain a delirious, prone, and handcuffed individual who poses no serious safety threat."  Left unclear by the circuit was whether the law regarding the taser use on such a handcuffed individual was also recognized at the time.  Defendants claim that under <u>Bryan</u> and <u>Mattos</u>, because Officers Denny and Hutchinson are immune from liability for excessive force for use of the taser, so too, should Sheriff Young be immune as a policymaker promulgating the use of tasers by the police department.

Initially, the court notes that a Rule 12 ( c) motion for judgment on the pleadings must be brought "after the pleadings are closed – but early enough not to delay trial."   While it is not evident that defendants' motion would delay trial, the latest cutoff date for the filing of all pretrial dispositive motions appears to have been February 11, 2008 (#77).  Implicit in defendants' motion for judgment on the pleadings is the showing that the motion was prompted by the March 2, 2012, Ninth Circuit memorandum opinion in this case and the rulings in <u>Bryan</u> and <u>Mattos</u>.  However,

defendants have presented no reason why their motion for judgment on the pleadings or a motion for summary judgment raising a qualified immunity defense related to Sheriff Young's individual liability could not have been brought sooner. Indeed, defendants were not compelled to wait for a decisive ruling by the circuit on qualified immunity issues related to taser use before framing a position and seeking a disposition on the issue, just as defendants Denny and Hutchinson did in their own timely filed motion for summary judgment. The court finds that defendants have not presented good cause why the motion for judgment on the pleadings could not have been raised in compliance with the previous scheduling orders. See Riggins v. Walter, 279 F.3d 422, 427-28 (7th Cir. 1995) (moving party must establish good cause to modify scheduling order to permit late filing of motion).

      Furthermore, even if defendants' motion had been timely filed, the court finds it not well-taken. The motion turns on the circuit's lack of pronouncement that the use of a taser on a delirious, prone, and handcuffed individual who poses no serious threat--as opposed to officers' using body pressure to restrain such an individual--was clearly established at the time of the incident. In this court's opinion, the inquiry as to whether the excessive force in the use of a taser in that situation was clearly established falls outside of the inquiry regarding taser use against an unrestrained, unhandcuffed individual. While the law on the use of tasers is still developing, the law as it pertains to the use of excessive or gratuitous force against restrained, handcuffed individuals has been more clearly defined. See Oliver v. Fiorino, 586 F.3d 898, 907 (11th Cir. 2009) (right can be clearly established where officers' conduct "lies so obviously at the very core of what the Forth Amendment prohibits that the unlawfulness of the conduct was readily apparent to [the officer], notwithstanding the lack of fact-specific case law"). Moreover, the right to be free from the use of excessive force after being handcuffed and while posing no safety or flight risk, was clearly established by August 2004. See Champion v. Outlook Nashville, Inc., 380 F.3d 893, 901 (6th Cir. 2004) (concluding that using pepper spray on an individual who had stopped

resisting and posed no flight risk was an unreasonable use of force); see also Mendoza v. Block, 27 F.3d 1357 (9th Cir. 1994)("We do not believe that a more particularized expression of the law is necessary for law enforcement officials using police dogs to understand that under some circumstances the use of such a 'weapon' might become unlawful."). In this case, in view of the state of the law regarding the use of force on a handcuffed or restrained individual, and the existence of issues of fact regarding the degree of Keith Tucker's resistance, threat to the officers, and mental state, the court cannot say that, as a matter of law, the officers' use of the taser on Tucker after his handcuffing, nor Sheriff Young's liability as a policy maker with respect to that use, was reasonable. Accordingly,

THE COURT HEREBY ORDERS that defendants' motion for partial judgment on the pleadings to dismiss section 1983 claim against [Sheriff] Bill Young (#156) is DENIED.

DATED this 30 day of October, 2012.

_____
Lloyd D. George
United States District Judge