## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD TUCKER, individually, and as Special Administrator of the Estate of KEITH TUCKER; SANFORD TUCKER, as Guardian ad Litem of FRANS KAI MAAN TUCKER, a minor,<br><br>　　　Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER PATRICK DENNY, in his individual and official capacity; OFFICER MARK HUTCHISON, in his individual and official capacity; SHERIFF BILL YOUNG, individually and in his official capacity; DOES I through X, DOES XI through XX; and ROE CORPORATIONS XXI through XXX, inclusive,<br><br>　　　Defendants. | 2:05-cv-01216-LDG-RJJ<br><br>**ORDER** |

　　　Defendants have filed a motion in limine re: photographs of the decedent (#153, opposition #175). Judges have broad discretion when ruling on motions in limine, see, e.g., Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations. See Luce v United States, 469 U.S. 38, 41-42 (1984).

　　　Defendants argue that the coroner took 128 pictures of the unclothed body of decedent during their investigation of the death, including autopsy photos. Defendants argue that these

photos are disturbing and pose a substantial risk of inflaming the jury. Plaintiffs maintain that the photographs are relevant to (1) the issue of credibility and veracity of the officers' story about what occurred during the altercation, (2) the reasonableness of the officers' force applied to decedent, and the officers' motives for the force applied after decedent was handcuffed, and the cause of death of decedent. Plaintiff further assert that the photos will corroborate the opinion of the medical examiner and medical experts that decedent succumbed to asphyxiation, especially in view of defendants' apparent dispute with the medical examiner regarding the cause of death. The court has not reviewed the photographs, and finds that it would be more balanced to make the determination of their relevance and admissibility during the presentation of the related testimony at trial or after the court has reviewed the photographs in relation to plaintiffs' arguments or presentations. Accordingly,

THE COURT HEREBY ORDERS that defendants' motion in limine re: photographs of the decedent (#153) is DENIED without prejudice.

DATED this _30_ day of October, 2012.

_____
Lloyd D. George
United States District Judge

2