**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANFORD TUCKER, individually, and as Special Administrator of the Estate of KEITH TUCKER; SANFORD TUCKER, as Guardian ad Litem of FRANS KAI MAAN TUCKER, a minor,<br><br>　　Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER PATRICK DENNY, in his individual and official capacity; OFFICER MARK HUTCHISON, in his individual and official capacity; SHERIFF BILL YOUNG, individually and in his official capacity; DOES I through X, DOES XI through XX; and ROE CORPORATIONS XXI through XXX, inclusive,<br><br>　　Defendants. | 2:05-cv-01216-LDG-RJJ<br><br>**ORDER** |

　　Defendants have filed a motion in limine re: speculative probable support claim (#152, opposition #168).  Judges have broad discretion when ruling on motions in limine, see, e.g., Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations. See Luce v United States, 469 U.S. 38, 41-42 (1984).

　　Defendants argue that plaintiffs' expert Dr. Thomas Carroll, an economist, uses a speculative foundation when arriving at an opinion that, as temporarily disabled, decedent could

have earned $920,000 and contributed $322,240 to his father during the remainder of his life. Defendants point out that decedent was chronically homeless with possible mental illness, and occasionally lived with his father.  Defendants further point out that Dr. Carroll had no record of decedent's earnings or previous support for his father upon which he based his opinion.  Therefore, defendants urge the court to exclude Dr. Carroll's opinion.

Nevada law provides for heirs in a wrongful death action to recover for probable support. NRS 41.085.  The Supreme Court of Nevada has ruled that:

> The legislature carefully chose the words "probable support."  The legislature's intent should be given full effect.  Heirs' damages, based on the decedent's lost earning capacity, may include present as well as future loss of support.  Wells, Inc. v. Shoemake, 64 Nev. 57, 177 P.2d 451 (1947).  Damages are, of necessity, tinged with a certain degree of speculation.  See Amerco Marketing Co. of Memphis, Inc. v. Myers, 494 F.2d 904 (6th Cir. 1974).  This court has recently approved the use of an economist to assist in the determination of damages.  See K Mart Corporation v. Ponsock, 103 Nev. 39, 732 P.2d 1364 (1987). [The economist] should be allowed to testify . . . If he otherwise meets the requirements of an expert witness.

Freeman v. Davidson, 105 Nev. 13, 768 P.2d 885, 887 (1989).

The court takes additional guidance from Amerco Marketing Co. of Memphis, Inc. v. Myers, 494 F.2d 904 (6th Cir. 1974), cited by the Freeman court for the proposition that damages are speculative, to a certain degree.  In Amerco, the defendant in a case involving a fatal automobile accident appealed the award of future economic damages as excessive.  The earning capacity of victims of the accident had been calculated by an economist, who assumed annual earnings for one victim who was not working full time at the time of her death, and for another victim who had never worked at all.  The Sixth Circuit explained:

> [The economist] was qualified . . . and very carefully testified concerning the methods which he used in reaching his estimates of future earnings. . . . The measure of damages in wrongful death actions in Kentucky is the value of the destruction of the power of the decedent to earn money, not the destruction of income from a particular job or occupation.  The award in such a case is not limited to the past earnings of the decedent, as those may not be indicative of his power to earn.  Under this rule, there is necessarily the element of speculation involved in determining the power to earn money, particularly in the case of children and others who have not established a history of earnings.  Yet the Kentucky courts have consistently upheld verdicts in such cases in the face of argument that they are

based on speculation.  Under the Kentucky rule of damages a great deal of latitude must necessarily be allowed in wrongful death cases.

Id. at 912-13 (citations omitted).

In this case, there is little doubt regarding the qualifications of Dr. Carroll, and his report, though relying on assumptions on future earning capacity, exhibits a thorough methodology and analysis, which would be helpful to the trier of fact in considering potential damages.  Of course, defendants will have the opportunity to challenge Dr. Carroll's conclusions at trial.

THE COURT HEREBY ORDERS that defendants' motion in limine re: speculative probable support claim (#152) is DENIED.

DATED this 31 day of October, 2012.

_____
Lloyd D. George
United States District Judge