UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD TUCKER, individually, and as Special Administrator of the Estate of KEITH TUCKER; SANFORD TUCKER, as Guardian ad Litem of FRANS KAI MAAN TUCKER, a minor,<br><br>　　Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER PATRICK DENNY, in his individual and official capacity; OFFICER MARK HUTCHINSON, in his individual and official capacity; SHERIFF BILL YOUNG, individually and in his official capacity; DOES I through X, DOES XI through XX; and ROE CORPORATIONS XXI through XXX, inclusive,<br><br>　　Defendants. | 2:05-cv-01216-LDG-RJJ<br><br>**ORDER** |

　　Defendants have filed a motion in limine re: irrelevant police tactics, use of force, and taser training (#154, opposition #174)  Judges have broad discretion when ruling on motions in limine, see, e.g., Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations.  See Luce v United States, 469 U.S. 38, 41-42 (1984).

　　Defendants argue that pursuant to the Ninth Circuit's March 2, 2012, opinion, plaintiff should be precluded from making any argument or offering specific evidence suggesting that

Officers Denny and Hutchinson engaged in any misconduct prior to handcuffing Keith Tucker. The Ninth Circuit ruled that "[t]he force used by the officers before Keith's handcuffing was reasonable under the circumstances of Keith's violent resistance," and then went on to explain that Officer Denny's decision to grab Tucker, which may have provoked the altercation, was not an intentional or reckless provocation, "and therefore cannot render the officer[s'] otherwise reasonable defensive use of force unreasonable as a matter of law."

This court does not read the Ninth Circuit's opinion to limit the presentation of evidence dealing with the facts of the encounter, including the actions of the officers, leading up to Tucker's handcuffing and the conduct of the officers thereafter.  While plaintiff should not be permitted to argue that the officers used unreasonable force prior to restraining Tucker, the pre-restraint facts would be relevant to the officers' state of mind after restraining Tucker (including their expectations of Tucker's further resistance), the officers' credibility regarding the unfolding of the incident, and their supervision and training to the extent that it relates to their actions after restraining Tucker (including the post-restraint tasing of Tucker), for purposes of their own liability and other defendants' liability.  Furthermore, the court would be amenable to offering a limiting instruction regarding the officers' liability for pre-handcuffing conduct.

Finally, defendants also argue that the officers are entitled to qualified immunity for the use of the taser after Tucker's handcuffing.  The court rejected this argument in its previous order denying defendants' motion for partial judgment on the pleadings to dismiss the section 1983 claim against [Sheriff] Young (#179).  Accordingly,

THE COURT HEREBY ORDERS that defendants' motion in limine re: irrelevant police tactics, use of force, and taser training (#154) is DENIED.

DATED this ____ day of November, 2012.

_____
Lloyd D. George
United States District Judge

2